UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEESA TIPPETT,

    Plaintiff,

v.                                                      Case No. 05-73119

AMICA MUTUAL INSURANCE         Honorable Patrick J. Duggan
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER
REMANDING ACTION TO WAYNE COUNTY CIRCUIT COURT**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on January 20, 2006.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On July 21, 2005, Plaintiff Keesa Tippett filed an action against Defendant Amica Mutual Insurance Company in Wayne County Circuit Court, after Defendant denied Plaintiff's insurance claim for a home theft. On August 12, 2005, Defendant removed the action to this Court based upon diversity jurisdiction. On December 22, 2005, Plaintiff filed a Motion to Remand Action, asserting that the Court does not have subject matter jurisdiction over this action because the claims do not exceed $75,000. For the reasons set forth below, Plaintiff's Motion shall be granted.

**I.**       **Background**

Plaintiff had a homeowner's insurance policy with Defendant. On April 3, 2005, Plaintiff's house was burglarized. Following an investigation and examination under oath, on June 29, 2005, Defendant denied Plaintiff's insurance claim based upon alleged "misrepresentations" made by Plaintiff during the investigation.

Plaintiff's original three-count complaint alleges Defendant: (I) "failed to act fairly and reasonably in investigating Plaintiff's claims, failed to act in good faith, and failed to timely pay Plaintiff's claims," (II) "violated the provisions of the Uniform Trade Practices Act, MCLA 5000.201 et seq.," and (III) engaged in "intentional and extreme conduct." (Compl. ¶¶ 10, 12, 15). Plaintiff seeks payment on her personal property claims, as well as damages for emotional distress and injuries to her reputation. (Compl. ¶ 15).

**II.     Discussion**

Plaintiff seeks to remand the action pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

28 U.S.C. § 1332 grants federal district courts subject matter jurisdiction over cases in which the amount in controversy exceeds $75,000 and there is complete diversity between the parties. The parties do not dispute that there is complete diversity in this case. Rather, the parties' dispute revolves around whether, at the time of removal, Defendant proved that Plaintiff's claims would meet the $75,000 amount-in-controversy requirement.

In removing an action to this Court, the burden is on the moving party to prove that it is "more likely than not" that plaintiff's claims meet the federal amount-in-controversy

requirement.  *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993).  "In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount."  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 590 (1938)).

Plaintiff's complaint alleges only that damages will exceed the requisite state court jurisdictional amount of $25,000.  (Compl. ¶ 1).  *Id.*  In addition, in Plaintiff's deposition, taken on December 21, 2005, Plaintiff testified that the entire amount of the property lost in this case is less than $25,000 and that her entire claim is worth less than $75,000.  (Def.'s Resp. Ex. G, Tippett Dep. at 70).  However, diversity jurisdiction is established at the time of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Therefore, a post-removal stipulation that the total amount sought by Plaintiff is less than $75,000 does not destroy diversity jurisdiction.  *See, e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-872 (6th Cir. 2000) (finding that the plaintiff's post-removal stipulation that her damages were under the required amount in controversy did not destroy diversity).

In its Notice of Removal, Defendant stated:

The amount in controversy in this action, exclusive of costs and interest, has a reasonable probability of exceeding $75,000.  In reaching this determination, Defendant relies upon the assertions of fact contained within the Plaintiff's Complaint, including paragraphs 6[1] and 14[2] and Plaintiff's Sworn Statement of

---

[1] Paragraph 6 states: "Plaintiff delivered to Defendant, pursuant to the terms of the policy, a sworn statement in proof of loss and provided Defendant with receipts for the items stolen."

[2] Paragraph 14 states: "At all relevant times, Defendant's conduct in adjusting this claim, including but not limited to, submitting Plaintiff to demeaning and humiliating examinations, its

3

   Proof of Loss alleging a home invasion theft and malicious destruction of property.

(Removal ¶ 8). Defendant, however, failed to attach the Plaintiff's Sworn Statement of Proof of Loss to its Notice of Removal. The value of the stolen items alleged in the Proof of Loss is only $11,000. (*See* Def.'s Resp. Ex. C, Report of Loss).[3]

In Defendant's Response, Defendant contends that the Plaintiff's $11,000 in reported losses, plus certain "add-on" losses, plus Plaintiff's claims for emotional distress and damages to her reputation, exceed $75,000.

First, the "add-on" losses do not satisfy the amount-in-controversy requirement. The "add-on" losses allegedly discovered by Plaintiff after she completed the initial Report of Loss, include a Rolex watch, a leather coat, and clothing, all belonging to Plaintiff's boyfriend, which Plaintiff alleges were taken from her apartment during the theft. (*See* Def.'s Resp. Ex. E, Request No. 4; Ex. G at 18 & 40). According to the watch's receipt, the Rolex was worth $700. (Def.'s Resp. Ex. D, No. 14). In addition, Defendant has failed to provide any evidence that the leather coat and clothing "add-ons" were valuable enough to satisfy the jurisdictional amount. For example, the only receipt for men's clothing provided to Defendant was for Gucci clothing that was allegedly in the apartment at the date of the theft, in the amount of $763.20. (Def.'s Resp. Ex. D, No. 5).

Third, absent a specific allegation in the complaint of the amount of damages sought

---

false accusations relating to Plaintiff's moral and ethical character and financially crippling the Plaintiff as a result of its unsupported denial of her claim was extreme, outrageous, and of such character as to not be tolerated by a civilized society."

 [3] Plaintiff's counsel contends that he did not receive the portion of Defendant's claim file which included this information until November. (Pl.'s Mot. at ¶ 5).

4

for emotional distress or damage to Plaintiff's reputation, Defendant must prove facts sufficient to support federal jurisdiction. *See Bower v. Am. Casualty Co. of Reading, Penn.*, 2001 U.S. App. LEXIS 18053, at *8-9 (6th Cir. Aug. 6, 2001) (finding notice of removal defective where the defendant failed to prove facts to support its "belief" that the plaintiff's $10,000 breach of contract claim, plus plaintiff's claim for punitive damages in an unspecified amount, established the amount in controversy); *see also Dulin v. Trans Union Credit Information Co.*, 935 F.2d 269, 1991 WL 100584, at *2 (6th Cir. June 11, 1991) (finding that a claim for $4,000 plus punitive damages in an unspecified amount does not satisfy the amount-in-controversy requirement). Consequently, Defendant's Notice of Removal was defective at the time it removed this action from state court. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. This case is hereby **REMANDED** to the Wayne County Circuit Court.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Neil A. Davis, Esq.
William J. Ewald, Esq.